**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.:

JUSTIN SHORT,

      Plaintiff,

vs.

MEDALLION HOMES
GULF COAST, INC.,
a Florida Profit Corporation,

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF REQUESTED
## DECLARATORY RELIEF REQUESTED

Plaintiff, JUSTIN SHORT ("Mr. Short" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, MEDALLION HOMES GULF COAST, INC. ("Defendant" or "MHGC"), and in connection therewith states as follows:

1. Plaintiff brings this action for disability discrimination and retaliation based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"), and for claims arising under Section 440.205, Fla. Stat.

2. Plaintiff is seeking damages including unpaid wages, back pay, front pay,

declaratory relief, injunctive relief, compensatory damages, punitive damages and his attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Manatee County, Florida.

4. MHGC is a Florida profit corporation registered to do business in the State of Florida that operates and conducts substantial business in Manatee County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff was, at all times relevant, an "employee" of Defendant within the meaning of Chapter 440, Fla. Stat.

6. Defendant was, at all times relevant, the "employer" within the meaning of Chapter 440, Fla. Stat.

7. Plaintiff is or was, at all times relevant, a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

a. Plaintiff was a disabled employee who suffered discrimination and harassment because of his disability by Defendant; and

b. Plaintiff was discriminated against and suffered adverse employment action, and was subjected to an increasingly hostile work environment, and ultimately termination, as a result of his disability, and

2

his requests for reasonable accommodation for same.

8.    Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq.*

10.    This Court has supplemental jurisdiction over Plaintiff's FCRA claims and his claims arising under Section 440.205, Fla. Stat., as they arise out of the same set of operative facts and circumstances as his ADA claims.

11.    Plaintiff worked for Defendant in Manatee County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

## CONDITIONS PRECEDENT

12.    On or about July 27, 2023, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR").

13.    On July 18, 2024, The EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of the same.

14.    More than one-hundred-and-eighty (180) days have passed since the

filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

15.    Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

16.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17.    Mr. Short worked for MHGC as a Construction Superintendent from March 7, 2022, until his termination on October 13, 2022.

18.    In early August of 2022, Mr. Short injured himself while working for MHGC, and consequently began suffering symptoms of a disability, specifically an elbow injury accompanied and characterized by pain, loss of strength, loss of range of motion, immobility, and loss of lifting ability.

19.    Mr. Short promptly informed his MHGC Area Manager, Brian Soule of his workplace injury and resulting disability, and inquired about what the next steps would be to file a claim through workers' compensation, how to receive timely and appropriate medical treatment, what potential reasonable, non-burdensome accommodations could be made for his disability by MHGC, and the like.

20.    Mr. Short's disclosures, his requests for accommodation, and his attempt to claim compensation under Florida's workers' compensation statute

constituted protected activity under the ADA, the FCRA, and Section 440.205, Fla. Stat.

21.    Mr. Soule and MHGC disregarded Mr. Short's disclosures, and his requests for accommodation, and returned Mr. Short to his normal, pre-injury daily requirements.

22.    Thenceforth, MHGC exhibited a discriminatory animus towards Mr. Short based on disability and based on Mr. Short's requests for accommodation.

23.    On October 6, 2022, Mr. Soule asked Mr. Short to move heavy items.

24.    At that time, Mr. Short reminded Mr. Soule that his elbow was still far from recovered, and that he was not able to perform the requested heavy physical labor, and again requested reasonable, non-burdensome accommodation for his disability.

25.    On October 10, 2022, Mr. Soule again instructed Mr. Short to move multiple extremely heavy materials.

26.    That same day, October 10, 2022, Mr. Short again asked MHGC how he could have his injury and disability treated.

27.    Mr. Short's request and his attempt to claim compensation under Florida's workers' compensation statute constituted protected activity under the ADA, the FCRA, and Section 440.205, Fla. Stat.

5

28. Very shortly thereafter, on October 13, 2022, MHGC informed Mr. Short that it had decided to terminate his employment, effective immediately.

29. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for its actions.

30. MHGC terminated Mr. Short owing to his disabilities, his requests for reasonable accommodation, and his attempt to claim benefits under Florida's workers' compensation statute.

31. The timing of Plaintiff's disclosure of his disabilities, his requests for accommodations, his attempt to claim benefits under Florida's workers' compensation statute, and MHGC's termination of Plaintiff, creates a very close, near-immediate temporal proximity between the events.

32. Mr. Short's health conditions are considered protected disabilities under the ADA and the FCRA.

33. Plaintiff was qualified to perform the essential functions of the position, but MHGC believed that due to his disabilities, Plaintiff could not continue employment with Defendant.

34. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

35.   Defendant failed to accommodate Plaintiff's disabilities and related symptoms.

36.   Defendant's actions are the exact type of unfair employment practices that the ADA, the FCRA, and the anti-retaliation protections within Section 440.205, Fla. Stat., were intended to prevent.

37.   Defendant lacked a good faith basis for its actions.

38.   The facts surrounding Plaintiff's discharge create a strong inference of disability discrimination and retaliation in violation of the ADA and the FCRA, and of discharge by reason of a valid claim or attempt to claim compensation under Florida's workers' compensation statute.

39.   MHGC was aware of Mr. Short's ADA- and FCRA-protected medical conditions and his need for accommodation.

40.   Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring and requesting reasonable accommodation for same, and terminated Plaintiff in retaliation for his requests for accommodation.

41.   Mr. Short is an individual with disabilities who, with reasonable accommodation, was fully capable of performing the essential functions of the Supervisor/Coach position.

42.   Reasonable accommodation would have permitted Mr. Short to perform his job duties, and would have imposed no undue hardship on Defendant.

7

43. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of his medical conditions, and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

44. Defendant's reason for discharging Plaintiff is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

45. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

46. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties with or without reasonable accommodation.

47. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff would not have been prevented by his medical conditions from completing the assigned job duties, Defendant discriminated against Plaintiff based on his disabilities and need for medical treatment/accommodation, and terminated Plaintiff in retaliation for his requests for accommodation.

48. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

8

49. Pleading in the alternative, Plaintiff's impairments did not substantially limit a major life activity, but were treated by Defendant as if they did.

50. Pleading in the alternative, Plaintiff's medical conditions constituted impairments that limited a major life activity only because of Defendant's attitude toward the impairments.

51. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

52. Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination and retaliation.

53. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, he is a member of a protected class as envisioned by the ADA and the FCRA.

54. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was discharged, because of his disability and/or "perceived disability."

55. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

56. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that

employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

57.     Shortly after Plaintiff claimed or attempted to claim benefits under Florida's workers' compensation statute, Defendant terminated Plaintiff's employment in retaliation for same.

58.     Plaintiff's termination constitutes an adverse action and/or "discharge," pursuant to Section 440.205, Fla. Stat.

59.     As a result of Defendant's unlawful, discriminatory, and retaliatory termination of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

60.     Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

61.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

62.     Plaintiff realleges and reincorporates the allegations contained in

paragraphs 1 through 4, 7 through 56, and 59 through 61 of the Complaint, above, as though fully set forth in this Count.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

64. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

65. Defendant unlawfully terminated Plaintiff based on his medical condition and disability, and/or perceived disability, and his requests for accommodation.

66. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

67. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

69. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front

11

pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

70.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 4, 7 through 56, and 59 through 61 of the Complaint, above, as though fully set forth in this Count.

71.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

72.     The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

73.     Defendant unlawfully terminated Plaintiff based on his medical condition and disability, and/or perceived disability, and his requests for accommodation.

74.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

75.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the

future.

76.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**<u>COUNT III</u>**
**<u>RETALIATION UNDER THE ADA</u>**
**<u>BASED ON DISABILITY</u>**

79.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 4, 7 through 56, and 59 through 61 of the Complaint, above, as though fully set forth in this Count.

80.     Plaintiff was terminated within very close temporal proximity of his disclosure of his disability and his requests for accommodation.

81.     Plaintiff's disclosures and his requests for accommodation constituted protected activity under the ADA.

82.     Plaintiff was terminated as a direct result of his disclosures and his requests for accommodation for his disability.

83.     Plaintiff's disclosures, his requests for accommodation, and his termination are causally related.

84.     Defendant's stated reasons for Plaintiff's termination are a pretext.

85.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

88.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs

14

and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

89. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1 through 4, 7 through 56, and 59 through 61 of the Complaint, above, as though fully set forth in this Count.

90. Plaintiff was terminated within close temporal proximity of his disclosure of his disabilities and his requests for accommodation.

91. Plaintiff's disclosures and his requests for accommodation constituted protected activity under the FCRA.

92. Plaintiff was terminated as a direct result of his disclosures and his requests for reasonable accommodation for his disability.

93. Plaintiff's disclosures, his requests for accommodation, and his termination are causally related.

94. Defendant's stated reasons for Plaintiff's termination are a pretext.

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

15

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96.    The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

97.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

98.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V:  VIOLATION OF WORKERS' COMPENSATION RETALIATION STATUTE AT SECTION 440.205, FLORIDA STATUTES

99.     Plaintiff realleges and reincorporates all allegations contained within Paragraphs 1 through 6, 9 through 11, 15 through 21, 23 through 31, 36 through 38, 52, and 57 through 61 of the Complaint, above, as though fully set forth in this Count.

100.    Plaintiff engaged in protected activity by claiming or attempting to claim compensation under Florida's workers' compensation law.

101.    Plaintiff was retaliated against and fired within a short temporal proximity of claiming or attempting to claim compensation under Florida's workers' compensation law.

102.    Defendant's stated reason for terminating Plaintiff is pretext.

103.    But for Plaintiff's engagement in protected activity, Plaintiff would not have been terminated by Defendant.

104.    Plaintiff was terminated within close temporal proximity to his claim or attempt to claim compensation under Florida's workers' compensation law.

105.    As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor against Defendant and relief in the form of actual and compensatory damages, including lost wages, and other remuneration; front and back pay; declaratory and injunctive relief; pre-

judgment and post-judgment interest, and any other relief this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 23rd day of September, 2024.

Respectfully Submitted,

By: _**/s/ Noah E. Storch**_
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St., Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

_Attorneys for Plaintiff_

18